#007764

ORIGINAL

FILED

SEP 27 2007

U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. BARAHURA, BRIAN )
2. BURICH, PETER W. )
3. CAVANAUGH, MARY )
4. ENETE, SHANNON )
5. HOWARD, CHRISTOPHER K. ) CASE NO: 07-696 C
6. RODRIGUEZ, VICTOR )
7. SCHULE, WARNER )
8. SILVIA, KYLE )

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

## COMPLAINT

1. The plaintiffs are current or former employees of the defendant United States Government employed as paramedics by the United States, Department of Defense. Plaintiffs bring this action on behalf of themselves for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Sections 1346(a)(2), and 1491, 2201 and 2202 and 5 U.S.C. Sections 5545b and 5596, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

3. Plaintiff, Brian Barahura, a resident of San Diego, California, is currently employed as a paramedic by defendant at Marine Corps Air Station (hereinafter "MCAS"), Miramar, California and was so employed at all times material herein.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant MCAS Miramar who are or were employed as GS-640 paramedics and perform paramedic related capacities, and they have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint as Exhibit "A". These written consent forms set forth each plaintiff's name, home address, social security number, employing agency and address.

5. Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, 5504, 8331, 8401.

6. The defendant Government of the United States is, and at all material times has been an employer within the meaning of the term "employer" under Title 5 of the U.S. Code, specifically 5 U.S.C. § 5102 and 5 U.S.C. § 5541. Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

7. Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

8. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

9. Plaintiffs were hired by defendant in occupations classified by defendant in the GS-640 series, which is a Health Aid and Technician Occupation series. When hired, their position title was paramedic.

10. The new hires hold the paramedic position, and work as paramedics.

11. At all time material herein, the plaintiffs, when employed as paramedics, do not engage in fire suppression or other fire protection activities.

12. At all times material herein, the plaintiffs have been scheduled to work and in fact have worked in excess of 40 hours per week; indeed, they have been scheduled to work a minimum of 56 hours per week. .

13. At all times material herein, the plaintiff paramedics have only been compensated time and one-half overtime for hours worked over 53 hours in a workweek.

14 At all times material herein, the plaintiff paramedics' regular rate for overtime purposes has not been properly calculated.

15. At all times material herein, the plaintiff paramedics have not received or been compensated Holiday Pay, Night Differential Pay, Sunday Premium Pay, and other premium payments that they are entitled.

## COUNT I

Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 15 of this Complaint.

16. At all times material herein, the plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act as amended, 29 U.S.C. §201, et seq.

17. At all times material herein, the plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207. As a result, at all times material herein, plaintiffs were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked in excess of 40 hours per week, and 8 hours in a work day. 29 U.S.C. §207(a); 5 C.F.R. 550.111.

18. At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207, thereby violating 29 U.S.C. §207.

19. The FLSA require employees to be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek. The defendant has violated, and is continuing to violate, 29 U.S.C. §207 (a)(1) by failing and refusing to compensate paramedics, including the plaintiffs, for their hours of work in excess of 40 hours

per workweek at a rate not less than one and one-half times the regular rate at which the plaintiffs are employed.

20. At all times material herein, the defendant has failed and refused to properly calculate and provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207, thereby violating 29 U.S.C. §207.

21. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207, wrongly deprives plaintiffs of the premium overtime compensation that is due to them at times material herein.

22. The defendant's actions and omissions as alleged herein were done in a willful, unreasonable and bad faith manner.

23. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

24. The employment and work records for plaintiffs are in the exclusive possession, custody, and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to each of them. The defendant is under duty imposed by the FLSA, 29 U.S.C. §211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other

employment records with respect to plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

**COUNT II**

Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 15 of this Complaint.

25. The plaintiffs are not fire fighters pursuant to 5 C.F.R. §550.1302.

26. The plaintiffs are entitled to the proper calculation of their regular rate for overtime purposes; time and one half of their regular rate for hours worked over 40 in a workweek and 8 hours in a work day. See 5 U.S.C. §5541, et seq.; 5 CFR §550, et seq., including but not limited to 5 C.F.R. 550.111, 5 CFR §550.112, 5 CFR §550.113.

27. Plaintiffs are entitled to Holiday Pay, Night Differential Pay, and Sunday Premium Pay, as well as other premium payments. See 5 U.S.C. §5541, et seq.; 5 CFR §550, et seq., 5 CFR §550.121, 5 CFR §550.122, 5 CFR §550.133, 5 CFR §550.171.

28. The defendant fails and continues to fail to properly compute and pay the plaintiff regular rate for overtime purposes, overtime hours worked, differentials, and premium payments. The plaintiffs have been unlawfully denied pay due to an unjustified and/or unwarranted personnel action. The plaintiffs are entitled to an award of back pay, interest and reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 5596; 5 CFR §550.801 - 807.

29. The employment and work records for plaintiffs are in the exclusive possession, custody, and control of the defendant, and the plaintiffs are unable to

state at this time the exact amounts owing to each of them. The defendant is under duty imposed by the FLSA, 29 U.S.C. §211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

**COUNT III**

Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 15 of this Complaint.

30. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours per week, defendant United States has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay.

31. The plaintiffs are entitled to the proper calculation of their regular rate for overtime purposes; time and one half of their regular rate for hours worked over 40 in a workweek and 8 hours in a work day. See 29 U.S.C. 207(a); 5 C.F.R. 550.111.

32. During a regular two week pay period, if the paramedic works a regularly scheduled 112 hours, the paramedics are paid 80 hours at the straight time hourly rate; 26 hours at a lesser hourly rate; and 6 hours called OT at another rate that is not time and one half the regular rate. If a paramedic works

hours over his or her regular schedule, those hours are not paid at time and one half the regular rate for overtime.

33. This is improper, as the paramedics, like all other non-fire fighters, FLSA non-exempt employees, are entitled to time and one-half overtime for all hours over 40 in a workweek, and over eight hours in a day. Here, all overtime hours over forty in a week, eight hours a day, should have been paid at time and one-half the paramedic's regular rate.

34. By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA and Title 5. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law. The plaintiffs are entitled to an award of back pay, liquidated damages, interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter declaratory judgment declaring that the defendant has wrongfully violated its statutory obligations, and deprived the plaintiffs of their rights, protections, and entitlements under law, as alleged herein;,

(b) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(c) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(d) Award plaintiffs monetary damages in the form of backpay, liquidated damages and interest under the FLSA,

(e) Award plaintiffs monetary damages in the form of backpay and interest under the Backpay Act;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: September 27, 2007

David Ricksecker

WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

Thomas A. Woodley
Gregory K. McGillivary

WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

# Exhibit A

# Consent to Become Claimant/Plaintiff

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Brian Barahura
Print Name Clearly

[signature]
Signature

## Consent to Become Claimant/Plaintiff

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Peter W Burich

Print Name Clearly

[signature]

Signature

**Consent to Become Claimant/Plaintiff**

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

MARY CAVANAUGH

Print Name Clearly

[signature]

Signature

**Consent to Become Claimant/Plaintiff**

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Shannon Enete
Print Name Clearly

Signature

**Consent to Become Claimant/Plaintiff**

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Christopher K. Howard
Print Name Clearly

[signature]
Signature

**Consent to Become Claimant/Plaintiff**

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Victor Rodriguez
Print Name Clearly

Signature

**Consent to Become Claimant/Plaintiff**

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Warner Schule

Print Name Clearly

Signature

**Consent to Become Claimant/Plaintiff**

I hereby consent to be a claimant/plaintiff in an arbitration case and/or court action seeking overtime compensation and other relief under the Fair Labor Standards Act and other federal statutes and regulations; and other monetary relief against my current (or former) Federal Government agency/employer.

Kyle SilviA
Print Name Clearly

[signature]
Signature