IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. BARAHURA, BRIAN,
2. BURICH, PETER W.
3. CAVANAUGH, MARY
4. ENETE, SHANNON
5. HOWARD, CHRISTOPHER K.
6. RODRIGUEZ, VICTOR
7. SCHULE, WARNER
8. SYLVIA, KYLE

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 07-696C
(Judge Williams)

ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Admits the first sentence of paragraph 1. The second sentence of paragraph 1 constitutes conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law, to which no responses are required; to the extent they may deemed allegations of fact, they are denied.

3. Denies the allegation contained in the first sentence of paragraph 3 that plaintiff, Brian Barahura, is currently employed as a paramedic by defendant at Marine Corps Air Station ("MCAS"), Miramar, California. Admits the remaining allegations contained in paragraph 3, to the extent that Mr. Barahura was employed as a paramedic by defendant from January 22, 2007 to February 2, 2007; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegation contained in the first sentence of paragraph 4 that the seven named plaintiffs after Brian Barahura in this action listed in the caption are also current or former employees of the defendant MCAS Miramar who are or were employed as GS-640 paramedics and perform paramedic related capacities; admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by the written consents appended to the complaint as Exhibit "A", which are the best evidence of their contents; otherwise denies the allegations contained in the remaining portion of the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4, to the extent supported by the written consents appended to the complaint as Exhibit "A", which are the

best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 4. Admits the allegation contained in the third sentence of paragraph 4 to the extent supported by the written consent forms cited; which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 4.

5. The allegations contained in paragraph 5 are plaintiffs' characterization of their case and conclusions of law, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

6. The allegations contained in the first sentence of paragraph 6 are conclusions of law, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 6 that defendant employs, or has employed, the eight named plaintiffs; otherwise denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations contained in paragraph 7 are conclusions of law, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

8. The allegations contained in the first sentence of paragraph 8 are conclusions of law, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 8 that defendant employs, or has employed, the eight named plaintiffs; otherwise denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits.

10. Admits the allegations contained in paragraph 10 only to the extent that each individual plaintiff worked as a paramedic during their respective tenure at MCAS Miramar; otherwise denies the remaining allegations contained in paragraph 10.

11. Denies.

12. Admits the allegations contained in paragraph 12 only to the extent that the “regular tour of duty” for paramedics assigned to the MCAS Fire Department consists of two consecutive 24-hour shifts and one separate 8-hour shift; otherwise denies the remaining allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies.

15. Admits the allegations contained in paragraph 15 that plaintiff paramedics have not received or been compensated for Holiday Pay, Night Differential Pay, and Sunday Premium Pay. The remaining allegations of paragraph 15 are conclusions of law, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

COUNT I

Defendant's responses to paragraphs 1 through 15 of the complaint are incorporated by reference.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

19. Admits the first sentence of paragraph 19 to the extent supported by the statute cited and applicable Office of Personnel ("OPM") regulations, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 19. The second sentence of paragraph 19 contains conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in the first sentence of paragraph 24 only to the extent that the employment and work records for plaintiffs are in the possession, custody, and control of the defendant; otherwise denies the allegations contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 24 are conclusions of law to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied.

COUNT II

Defendant's responses to paragraphs 1 through 15 of the complaint are incorporated by reference.

25. Admits.

26. The allegations contained in paragraph 26 are conclusions of law and plaintiffs' characterization of their case to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiffs' characterization of their case to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiffs' characterization of the case to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in the first sentence of paragraph 29 only to the extent that the employment and work records for plaintiffs are in the possession, custody, and control of the defendant; otherwise denies the allegations contained in the first sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 29 are conclusions of law and plaintiffs' characterization of their case to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law and plaintiffs' characterization of their case to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied

31. The allegations contained in paragraph 31 are conclusions of law and plaintiffs' characterization of their case to which no responses are required; to the extent that they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained paragraph 32 only to the extent that paramedics at MCAS Miramar have been assigned "regular tours of duty"

consisting of a 56-hour weekly schedule including one 8-hour shift; and two consecutive 24-hour shifts consisting of 8 hours of actual work, 8 hours for standby duty, and 8 hours for sleep and that this schedule is compensated under 5 C.F.R. §§ 550.1301, *et seq*. by the Defense Finance and Accounting Service ("DFAS"); otherwise denies the remaining allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiffs' characterization of their, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiffs' characterization of their case, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

35. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 34, to include subparagraphs (a) through (e), or to any relief whatsoever.

36. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/Jane C. Dempsey
JANE C. DEMPSEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-0972

Of Counsel:
Patrick A. Hodges
Associate Counsel
Western Area Counsel Office
Office of the General Counsel
Department of the Navy
Box 555231
Camp Pendleton, CA 92055-5231
Tel: (760) 725-5168/3009

January 10, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 10th day of January 2008, a copy of the foregoing "ANSWER" was served by United States mail (first class, postage prepaid) addressed as follows:

Woodley & McGillivary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

/s/Jane C. Dempsey