IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 1. BARAHURA, BRIAN, | ) | |
| 2. BURICH, PETER W. | ) | |
| 3. CAVANAUGH, MARY | ) | |
| 4. ENETE, SHANNON | ) | |
| 5. HOWARD, CHRISTOPHER K. | ) | |
| 6. RODRIGUEZ, VICTOR | ) | |
| 7. SCHULE, WARNER | ) | No. 07-696C |
| 8. SYLVIA, KYLE | ) | (Judge Williams) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs, Brian Barahura, Peter Burich, Mary Cavanaugh, Shannon Enete, Christopher Howard, Victor Rodriguez, Warner Schule, and Kyle Sylvia, and defendant, the United States, respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff indicates that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. §1346(a)(2) and 28 U.S.C. §1491, and under the Fair Labor Standards Act, 29 U.S.C. §216(b). Defendant is not aware of a basis upon which to challenge jurisdiction at this time.

b. Consolidation

At the present time, the parties agree that this case should not be consolidated

with any other case.

c. Bifurcation

Plaintiffs believe that bifurcation of liability and damages would be appropriate for trial. Defendant asserts that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

f. Joinder

Pursuant to the Court's rules, should additional similarly situated employees come forward and request to participate in this lawsuit, plaintiffs' counsel will file a motion to amend the complaint to add additional plaintiffs who wish to opt-in to this case. Plaintiffs propose that they be permitted to add plaintiffs to this case until 45 days prior to the close of discovery.

Defendant objects to additional plaintiffs being added to the complaint.

g. Dispositive Motions

At this time, upon the completion of discovery, both parties will likely file a motion for summary judgment pursuant to RCFC 56.

h. Relevant Issues

Plaintiffs contend that they were employed by the United States Department of the Navy ("Navy") at Marine Corps Air Station ("MCAS"), Miramar, California, as GS-640

paramedics. They further argue that they worked in excess of 40 hours per week, and in fact, were scheduled to work a minimum of 56 hours per week. Plaintiffs argue that they were only compensated time and one-half overtime for hours worked over 53 hours in a work week, rather than over 40 hours in a workweek and 8 hours in a work day. Plaintiffs also allege that the Government failed and refused to calculate and provide plaintiffs with the appropriate amount of regular rate of pay and overtime compensation pursuant to the Fair Labor Standards Act as well as premium pay and other differentials.

In the event plaintiffs prevail upon the issue of liability, there are additional issues such as whether the Government can meet its plain and substantial burden of proving that it acted in good faith and on reasonable grounds in attempting to comply with the requirements of the Fair Labor Standards Act so as to avoid an otherwise mandatory imposition of liquidated damages; and whether the plaintiffs have established that the Government willfully violated the FLSA in failing to pay FLSA overtime thereby requiring the application of a three year statute of limitations, and any other backpay damages, attorneys' fees and costs and other relief.

The Government contends that the Navy properly and lawfully determined that paramedics at MCAS Miramar would receive annual premium pay for regularly scheduled standby duty. This determination, which was properly and lawfully authorized by the Office of Personnel Management ("OPM"), was frustrated due to a software problem with the Defense Finance and Accounting Service ("DFAS"), into which data is entered to effect payments to Navy employees. As an interim measure, DFAS used an overlay procedure to ensure that paramedics at MCAS Miramar, including the plaintiffs, were adequately compensated. This overlay procedure allowed

paramedics to receive compensation for their total hours worked with firefighter premium pay in an amount higher than they were entitled under the appropriate annual standby premium pay. Therefore, the Government believes that plaintiffs have not suffered any harm in this case, and in fact have received greater compensation than they are entitled, because of their receipt of firefighter premium pay.

i. Settlement

The parties will continue to consider the possibility of settlement of this matter as discovery progresses.

j. Trial

If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that the trial would take place in Washington, D.C.

k. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following

schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | May 9, 2008 |
| Conclusion of Discovery: | August 30, 2008 |
| Deadline for Dispositive Motions: | October 30, 2008 |

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/Jane C. Dempsey
JANE C. DEMPSEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-0972

Attorneys for Defendant

/s/David Ricksecker
DAVID RICKSECKER
Woodley & McGillivary
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005

Attorney for the Plaintiffs

March 6, 2008